## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMMY RAUL, Derivatively on Behalf of Nominal Defendant SPECTRUM PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH W. TURGEON, KURT A. GUSTAFSON, FRANCOIS LEBEL, WILLIAM L. ASHTON, NORA E. BRENNAN, SETH H.Z. FISCHER, JUHYUN LIM, THOMAS J. RIGA, JEFFREY l. VACIRCA, DOLATRAI M. VYAS, BERNICE R. WELLES, <br><br> Defendants, <br><br> and <br><br> SPECTRUM PHARMACEUTICALS INC., <br><br> Nominal Defendant. | Case No. 1:22-cv-00571-VAC <br><br><br><br> **JURY TRIAL DEMANDED** |

## STIPULATION AND ORDER

WHEREAS, Plaintiff Tammy Raul ("Plaintiff"), by her undersigned

attorneys, derivatively and on behalf of Nominal Defendant Spectrum

Pharmaceuticals, Inc. ("Spectrum" or the "Company"), filed a Verified Shareholder

Derivative Complaint against Defendants Joseph W. Turgeon ("Turgeon"), Kurt A.

Gustafson ("Gustafson"), Francois Lebel ("Lebel"), William L. Ashton ("Ashton"),

Nora E. Brennan ("Brennan"), Seth H.Z. Fischer ("Fischer"), Jeffrey L. Vacirca

("Vacirca"), Dolatrai M. Vyas ("Vyas"), Bernice R. Welles ("Welles")

(collectively, the "Individual Defendants," and together with Spectrum, the

"Defendants").[1]  Plaintiff and Defendants seek to stay this shareholder derivative

---

[1] The Complaint also names individual defendants Juhyun Lim ("Lim") and Thomas J. Riga ("Riga") who are not parties to this litigation but to whom the proposed stay would also apply. Plaintiff has agreed to dismiss the claims as to defendants Lim and Riga without prejudice, as they were only included for the purposes of demand futility.  As part of this stipulation, Paul

action pending further proceedings in a related securities class action pending in the United States District Court for the District of Nevada (the "Nevada Court");

WHEREAS, on August 31, 2021, a putative shareholder class action, *Luo v. Spectrum Pharmaceuticals, Inc., et al.,* Case No. 2:21-cv-1612-cv-00966-JAD-BNW (the "Securities Class Action"), was filed in the Nevada Court;

WHEREAS, the Securities Class Action asserts claims against the Company and two current or former officers and directors under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), alleging that statements made by defendants during the period of December 27, 2018 to August 5, 2021 were misleading;

WHEREAS, Plaintiff filed this shareholder derivative action on April 28, 2022, and purports to assert claims on behalf of the Company against the Individual Defendants, all of whom are current and former officers and directors of the Company;

WHEREAS, this shareholder derivative action is based on allegations substantially similar to those in the Securities Class Action, and alleges that the Individual Defendants have subjected the Company to potential liability in the Securities Class Action based on statements alleged to be actionable in the Securities Class Action or otherwise under the securities laws, that Defendants breached their fiduciary duties, and have been unjustly enriched in connection with the Securities Class Action;

WHEREAS, Plaintiff and Defendants agree that this shareholder derivative action is related to the Securities Class Action and they, *inter alia*, "arise from the same or substantially identical transactions, happenings, or events," "involve the same or substantially the same parties or property," and "call for determination of the same or substantially identical questions of law";

Hastings LLP, counsel to Defendants, hereby agrees to accept service on behalf of any yet unserved party to this action other than defendants Lim and Riga.

- 1 -

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), a lead plaintiff is in the process of being appointed in the Securities Class Action whereupon Plaintiff and Defendants anticipate an amended complaint will be filed which will likely be the subject of a motion to dismiss by the defendants in the Securities Class Action;

WHEREAS, pursuant to the PSLRA, all discovery and other proceedings in the Securities Class Action are statutorily stayed until and unless a motion to dismiss is denied;

WHEREAS, the interests of efficiency and economy would be furthered by staying proceedings in this action until it is determined by the Court whether the related Securities Class Action can survive a motion to dismiss, and litigating this action in the meantime would require the parties and the Court to incur potentially unnecessary time and expense;

WHEREAS, other courts have recognized that, in the same circumstances, a stay of derivative litigation in favor of a substantially similar securities class action is appropriate and furthers the interests of efficiency and economy. *See, e.g.*, *In re Twitter, Inc. S'holder Derivative Litig.,* 2018 WL 3536085, at *2 (D. Del. July 23, 2018*, report and recommendation adopted,* 2018 WL 4326986 (D. Del. Sept. 10, 2018*); Tansey v. Rogers, 2016 WL 3519887,* at *1 (D. Del. June 27, 2016); *Brenner v. Albrecht,* 2012 WL 252286 (Del. Ch. Jan. 27, 2012); *see also In re RH, Inc. S'holder Deriv. Litig.*, 2019 WL 580668, at *3-4 (N.D. Cal. Jan. 23, 2019); *In re STEC, Inc. Deriv. Litig.*, 2012 WL 8978155, at *8 (C.D. Cal. Jan. 12, 2012); *Tutschek v. Schinazi*, 2019 WL 6873795, at *2-4 (W.D. Wash. Dec. 17, 2019).

NOW, THEREFORE, the parties stipulate and request that the Court enter an order providing that:

1.      All proceedings and deadlines in this action, including all deadlines for responding to the complaint, shall be stayed;

2.      The stay of proceedings shall remain in effect until the earlier of (i) an order denying a motion to dismiss in the Securities Class Action in whole or in part, or (ii) dismissal of the Securities Class Action with prejudice;

3.      Notwithstanding the above, any of the parties to this Stipulation may request that the Court lift the voluntary stay upon good cause shown by giving the other parties at least ten (10) business days' written notice that they believe such good cause exists and thereafter bringing the matter to the Court's attention and requesting that the voluntary stay be lifted.

4.      Upon termination of the stay pursuant to the provisions of paragraph 2, the parties shall meet and confer within twenty-one (21) days regarding: (i) an agreed-upon deadline, if necessary, for Defendants to move, answer or otherwise respond to the operative complaint in this action; and (ii) a briefing schedule for any motion to dismiss the operative complaint in this action.

5.      By entering into this stipulation, Plaintiff and Defendants do not intend to waive, and expressly reserve, any rights, defenses or claims they may have in the Shareholder Derivative Action.

6.      The stay shall apply to any purported shareholder derivative action arising out of the same or substantially the same transactions or events as the Shareholder Derivative Action that is subsequently filed in, removed to, or transferred to this Court.

7.      Defendants shall produce to Plaintiff all documents and written discovery produced: (a) in the Securities Class Action; (b) in any related derivative action; (c) to any shareholder who has filed a related derivative action or threatened to file a related derivative action; and (d) any other Spectrum stockholder in connection with a factually related demand for the inspection of books and records of Spectrum, all subject to a confidentiality agreement or protective order.

8.      While this action is stayed, and for up to one year after the stay is

- 3 -

lifted, Defendants will provide reasonable advance notice to Plaintiff of any mediation proceedings in the Securities Class Action.  While this action is stayed, and for up to one year after the stay is lifted, Defendants will provide reasonable advance notice to Plaintiff of any mediation proceedings in any related derivative lawsuit, and/or in any threatened related derivative lawsuit.

9.      Notwithstanding a stay of this action, Plaintiff may file one amended complaint as a matter of course, without seeking leave of the Court.  Without waiving any defenses or objections, Defendants shall be under no obligation to answer, move, or otherwise respond to the complaint or any such amended complaints while this action is stayed.

IT IS SO STIPULATED.

BIELLI & KLAUDER, LLC


*/s/ Ryan M. Ernst*
Ryan M. Ernst (#4788)
1204 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 803-4600
rernst@bk-legal.com


LIFSHITZ LAW PLLC

Joshua M. Lifshitz
1190 Broadway
Hewlett, New York 11557
Telephone:  (516) 493-9780


*Attorneys For Plaintiff*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Raymond J. DiCamillo*
Raymond J. DiCamillo (#3188)
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7600
dicamillo@rlf.com

PAUL HASTINGS LLP

Christopher H. Mcgrath
695 Town Center Drive, 17th Floor
Costa Mesa, California 92626-1924
Telephone:  (714) 668-6200

*Attorneys For Defendants Joseph W. Turgeon, Kurt A. Gustafson, Francois Lebel, William L. Ashton, Nora E. Brennan, Seth H.Z. Fischer, Jeffrey L. Vacirca, Dolatrai M. Vyas, Bernice R. Welles*

DATED:  August 30, 2022


IT IS SO ORDERED this 30th day of August 2022.


The Honorable Maryellen Noreika
United States District Judge